UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                          :
RICKY RICHARDSON                          :
                      Plaintiff,          :   **ORDER**
                                          :
            - against -                   :   10 Civ. 0936 (BMC)
                                          :
MICHAEL J. ASTRUE, Commissioner of        :
Social Security,                          :
                                          :
                      Defendant.          :
                                          :
------------------------------------------------------------- X

## NOTE THAT THIS ORDER DOES NOT CONFORM WITH ADMINISTRATIVE ORDER 2008-05. PARTIES SHOULD FOLLOW THE PROCEDURE SET FORTH BELOW.

Summary of Schedule:

- Administrative record and Answer to be filed by July 2, 2010.
- Plaintiff's Motion for Judgment on the Pleadings to be filed by September 3, 2010.

Plaintiff initiated this action by filing the complaint on March 3, 2010.

Defendant will promptly obtain, file and provide to the Court the administrative record of the proceedings and will file its answer within 120 days and in any event, by July 2, 2010. If the defendant is unable to file its responsive papers timely, he will notify the Court in writing by that date. Such notification shall include a request for an extension which specifies a date and demonstrates good cause for the extension. In addition, the notification shall state the date the administrative record was requested, whether or not it has been received, and the most recent efforts made to obtain it.

Plaintiff will move for judgment on the pleadings, unless otherwise directed by the Court by September 3, 2010 (which is 180 days after the filing of the complaint).

Defendant's responsive papers will be filed within 30 days, and in any event by October 1, 2010. It is strongly recommended that plaintiff file a reply brief within 30 days of defendant's responsive papers.

To the extent a party's memorandum of law uses medical terminology not in common usage among laypersons, the memorandum shall explain the term, with a citation to a medical reference source supporting the definition. If the use of the term relates to the results of a medical test, the memorandum shall explain how those results bear on the finding of non-disability.

The Parties are advised that this Court does not follow the bundling rule implemented by Administrative Order 2008-5 and therefore all motion papers must be filed promptly upon service.

**The plaintiff's *in forma pauperis* application is granted and the Clerk of the Court is directed to forward to the United States Marshal's Office for the Eastern District of New York copies of plaintiff's summons and complaint. The Marshal is directed to serve the summons and complaint upon the defendant without prepayment of fees.**

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
March 5, 2010